**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1462

MILA IRANI WANGUNHARDJO,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-229-550)

Submitted:  September 8, 2004        Decided:  September 24, 2004

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Mila Irani Wangunhardjo, Petitioner Pro Se.  Carol Federighi, Gloria Minor, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mila Irani Wangunhardjo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("Board") order affirming without opinion the immigration judge's decision denying asylum, withholding of removal and withholding under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Wangunhardjo challenges the Board's finding that she failed to demonstrate a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We have reviewed the immigration judge's decision and the administrative record and find the record supports the conclusion that Wangunhardjo failed to establish her eligibility for asylum on a protected ground. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish his eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). Because the decision in this case is not manifestly contrary to law, we cannot grant the relief Wangunhardjo seeks.

Additionally, we uphold the denial of Wangunhardjo's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To

qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). Because Wangunhardjo fails to show she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>